IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JESSE D. PELLOW,
    Plaintiff,

v.                                                                     Civil No. 3:26cv105 (DJN)

BLAIR COUNTY PENNSYLVANIA, *et al.*,
    Defendants.

### <u>ORDER</u>
**(Granting Leave to Proceed *In Forma Pauperis*
and Ordering Particularized Complaint)**

This matter comes before the Court on *pro se* Plaintiff Jesse D. Pellow's ("Plaintiff")

Application to Proceed in District Court without Prepaying Fees or Costs ("Motion for Leave to

Proceed *in forma pauperis*") (ECF No. 1) and Complaint (ECF No. 1-1). The Court finds that

Plaintiff qualifies to proceed *in forma pauperis* and, therefore, the Court hereby provisionally

GRANTS the Motion for Leave to Proceed *in forma pauperis*.

However, the Court has also reviewed Plaintiff's Complaint and finds that the Complaint

does not satisfy Federal Rule of Civil Procedure 8. Rule 8 requires a short and plain statement of

the grounds for this Court's jurisdiction and a short and plain statement of the claims showing

that the plaintiff is entitled to relief. Plaintiffs' proposed complaint, like his previous proposed

complaints with this Court, again fails to establish a valid basis for this Court's jurisdiction. He

also seeks relief that this Court is not authorized to grant, including transfer of a Pennsylvania

state court case to federal court and a transfer of a federal court case out of Pennsylvania to this

Court. Such requests can only be handled by the relevant courts in Pennsylvania. And finally,

Plaintiff fails to allege what specific provisions of law the proposed defendants violated, and

how and when they did so. Instead, Plaintiff again provides a long, meandering narrative filled with grievances against numerous parties in Pennsylvania and containing various references to conspiracies related to criminal proceedings against him.

Accordingly, it is hereby ORDERED that, within twenty-one (21) days of this Order, Plaintiff shall file a particularized amended complaint that outlines in simple and straightforward terms why Plaintiff thinks that he is entitled to relief. Plaintiff must state why the Court has jurisdiction over this case, pursuant to Federal Rules of Civil Procedure 8(a)(1) and (2).[1] The particularized amended complaint must be legible and preferably created using a word processor, such as Microsoft Word. The particularized amended complaint SHALL COMPLY with the following directions:

1.    The caption of the particularized amended complaint must identify it as the "Amended Complaint for Civil Action No. 3:26cv105."

2.    The first paragraph of the particularized amended complaint must contain a list of the defendant(s). Thereafter, in the body of the particularized amended complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims. Thereafter, in separately headed sections as "Count One," "Count Two," etc., Plaintiff must clearly identify each federal or state law allegedly violated. Under each section, Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes that each defendant is liable to him. That

---

[1]    The Court notes that state sovereign immunity under the Eleventh Amendment constitutes a bar to the Court's jurisdiction that courts "ought to consider . . . at any time," including on its own initiative. *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997).

explanation should reference specific numbered factual paragraphs in the body of the particularized amended complaint that support the assertion.

3.    Plaintiff must also state the relief sought.  If Plaintiff seeks money damages, Plaintiff should include the dollar amount of damages.  If Plaintiff seeks injunctive relief, Plaintiff should state what he would like the injunction to do.

4.    The particularized amended complaint must stand or fall on its own accord.  Plaintiff may not cross-reference statements in the prior complaint (ECF No. 1-1).

5.    The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

Once filed, the amended complaint will become the operative complaint in this case.

Plaintiff must also submit the Ghostwriting Form in accordance with Local Rule 83.1(N), which the Court requires to be filed with Plaintiff's submission stating that he did not receive assistance in preparing this proposed particularized amended complaint.

**The failure to strictly comply with the Court's directive and with applicable rules will result in DISMISSAL of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).**

The Court hereby DIRECTS the Clerk's Office to mail a copy of this Court's standard

3

Civil Complaint Form and Ghostwriting Form to Plaintiff at his address of record.

Let the Clerk file a copy of this Order electronically and send a copy to Plaintiff.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Date: March 18, 2026

4